IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE OUTDOOR CHANNEL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-30-JHP-PJC |
| ) | |
| PERFORMANCE ONE MEDIA, LLC, ) | |
| d/b/a IN COUNTRY TELEVISION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion to Compel Production of Documents [Dkt. No. 85]. The motion is directed at discovery responses served by Defendant Performance One Media, LLC, d/b/a In Country Television, Inc. (hereafter, "POM") and Defendant Robert J. Sigg ("Sigg"). After extensive briefing and oral argument the matter is ripe for decision.

At the hearing held March 7, 2011, the Court made several rulings: First, the Court's Minute Order of Oct. 5, 2010, did not determine the validity of Defendants' objections (such as relevance or over-breadth). The Court's Order denied only Defendants' request to stay all non-jurisdictional discovery or bifurcate discovery. [Dkt. No. 71]. Second, Defendants' objection to discovery concerning the mark "WINGSHOOTING USA" is overruled. Plaintiff's discovery in this regard is permissible under Fed. R. Civ. P. 26 since it appears relevant to the claims asserted in the First Amended Complaint. Third, given the protective order that the Court entered

1

on Sept. 29, 2010, Defendants' confidentiality concerns regarding POM's contracts with DISH network and DirecTV are now moot. Unredacted copies of these contracts shall be produced immediately.

Plaintiff's motion to compel addressed the discovery requests generally, not by focusing on each individual request.[1] The Court will follow this same approach.

At the outset, it must be noted that Defendants' discovery responses are problematic. Rule 34 directs that a party has three options in responding to a request for production: 1) State that inspection will be permitted as requested; 2) Object to the request including the reasons; or, 3) Object in part, specifying what part is objected to and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(B) & (C). In most, if not all, of the responses at issue, Defendants have objected, but – without waiving the objections -- offered production of "certain documents" without specifying what documents are being produced and what documents are being withheld. For example, POM's response to RFP 7 states:

> POM objects to this request as overly broad and unduly burdensome. Moreover, this request may call for the production of confidential and proprietary documents that POM is not permitted to disclose except in very limited circumstances such as consent of the third party or a court order.
>
> These objections notwithstanding, and without waiving them, POM has already produced certain responsive documents. POM will search for and produce additional responsive documents that are located through a reasonable search, if not already produced in response to other requests.

---

[1] The Motion to Compel specifically mentioned six discovery responses: POM's responses to Requests for Production ("RFPs") 15, 17, 28 and 48, and Sigg's responses to RFPs 9 and 24. These will be addressed individually by the Court.

2

Because the document responses do not adequately explain what documents have been produced and what documents have not been produced, there is no way of ascertaining the adequacy of the response.  Plaintiff has no idea of the completeness of Defendants' responses, and neither does the Court.  Accordingly, within ten days of this Order Defendants shall supplement their discovery responses to comply with Rule 26.  The responses must make clear what documents have been or will be produced and what documents are being withheld and on what grounds.  Defendants should make clear whether *all* responsive documents are being produced.

As for Defendants' objections to the discovery, courts have held that objections must be stated with specificity, a mere recitation of the familiar litany of overly broad, vague or burdensome, is not sufficient.  *Convertino v. U.S. Dept. of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008); *Momah v. Albert Einstein Medical Center*, 164 F.R.D. 412, 417 (E.D.Pa. 1996); *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y. 2004).  The objection must be discussed with specific reference to the document request.  Here, Defendants have discussed four objections:  1) relevance of document production not related to the trademarks at issue or to the Defendants' contacts with the State of Oklahoma; 2) relevance as to past police/arrest records concerning Defendant Sigg; 3) relevance of discovery concerning the WINGSHOOTER USA mark; and, 4) production of documents protected by confidentiality agreements with third parties. The Court denied the last two objections at the hearing.  The remaining objections will be discussed below.

The general objections raised by Plaintiff's motion are these:

**Relevance.**  First, Defendants contend that discovery should be limited to the trademarks at issue in this lawsuit and documents/information related to Defendants' contacts with the State of Oklahoma.  Plaintiff seeks a broader definition of relevance that would include Defendants' conduct outside Oklahoma that does not relate to the trademarks in question.  Rule 26 permits discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(2).  Here, Plaintiff has asserted claims based on four trademarks:  "THE OUTDOOR CHANNEL," "OUTDOOR CHANNEL," "BRING THE OUTDOORS HOME" and "THE WINGSHOOTER."  In addition, Plaintiff claims infringement of its design mark, a stylized mountain scene depicted with simple triangle and rectangle shapes.  No Answer has yet been filed.

Defendants' relevance objection in this regard is **SUSTAINED**.  The Court finds that discovery shall be limited to (1) information/documents related to Defendants' contacts with and business activities directed at the State of Oklahoma, and (2) information/documents related to the four trademarks and one design mark described above.[2]  This information is relevant to Defendants' pending challenge to personal jurisdiction and to the trademarks at issue.

Next, Defendant Sigg has objected to production of nine court files involving civil and criminal litigation to which he was a party.  Sigg RFP 28.  Some of the

---

[2]  Of course, since Defendants have not yet filed Answers, the scope of discovery could change if Answers are filed asserting defenses and/or counterclaims.

4

requested files are more than 10 years old. Sigg has stated he will produce documents in his control to the extent they fall within the parameters of Fed. R. Evid. 609. The Court **SUSTAINS** this objection. To the extent Plaintiff's Motion to Compel seeks documents beyond these limitations, the motion is **DENIED**.

**Relevancy and Overbreadth.**

Plaintiff contends that in certain instances Defendants have objected to the discovery requested as irrelevant, based on Defendants' determination of disputed facts. For example, Defendants claim that discovery regarding the WINGSHOOTER USA mark is irrelevant because they have determined a third party has a mark that is superior to any claimed by Plaintiff. [*Eg.* POM's responses to RFPs 17-27].

Plaintiff's First Amended Complaint asserts that it owns a trademark on "THE WINGSHOOTER." [First Amended Complaint, Dkt. No. 9 ¶9]. Defendants' objections in this regards are **DENIED**. Plaintiff's First Amended Complaint asserts a claim based on infringement of the WINGSHOOTER mark. Whether Plaintiff or a third party has superior rights in such a mark is a disputed fact. Since the proposed discovery relates to Plaintiff's claim, the discovery is proper under Rule 26.

Plaintiff contends that Defendants' documents responses assert that they will search for other responsive documents and will produce them if they determine the documents are relevant. Plaintiff cites POM's response to RFP 48 as an example:

> These objections notwithstanding, and without waiving them, POM will search for and produce additional responsive documents that are located through a reasonable search and concern either the use in commerce of the marks at issue in this action or POM's contacts (or lack thereof) within

5

Oklahoma. POM does not agree to search for or produce anything else responsive to this request.

Defendants are required to make a reasonable effort to obtain all documents responsive to Plaintiff's discovery requests. The dispute revolves around Defendants' determination of relevance. The Court has described above its view of relevance in this case as it is currently framed. Thus, the proper scope of discovery is (1) information/documents related to Defendants' contacts with the State of Oklahoma, and 2) information/documents related to the four trademarks and one design mark at issue in this lawsuit. Information/documents in this second category are not limited to the State of Oklahoma. Non-privileged documents that are relevant to these issues must be identified and produced. It is unclear to the Court what is intended by Defendants' limitation of discovery to POM's "use in commerce" of the marks at issue. To the extent Defendants seek to narrow discovery from information/documents relevant to the trademarks in question to information documents relevant to their commercial use, the objection is **DENIED** Non-privileged documents related to the marks in question must be produced.

**Confidentiality.** The Court has concluded that with the entry of an Agreed Protective Order, the Defendants' contracts with Dish Network and DirecTV should be produced. Defendants' objection to producing documents based on their confidentiality is **DENIED**.

**Specific Document Requests.**

RFP 15 to POM: Defendant's objection denied. Defendant shall state expressly whether all responsive documents have been produced and describe what, if any, documents have been withheld and why.

RFP 17 to POM: Defendant's objections are overruled. Defendant shall state whether all responsive documents have been produced and describe what, if any, documents have been withheld and why.

RFP 28 to POM: Defendant's objections are overruled. Defendant shall state whether all responsive documents have been produced and describe what, if any, documents have been withheld and why.

RFP 48 to POM: Defendant's objection sustained.

RFP 9 to Sigg: Defendant's objection denied. Defendant shall state whether *all* responsive documents have been produced and describe what, if any, documents have been withheld and why.

RFP 24 to Sigg: Motion to compel moot. Defendant has stated he has no documents responsive to this request.

**SUMMARY**

Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as outlined herein.

Within 10 days of the date of this Order, Defendant shall provide supplemental responses to the Requests for Production which state whether all responsive documents will be produced and describing what, if any, documents are being withheld and why.

Defendants' Relevance objection is **SUSTAINED** in that discovery is limited to the four trademarks and one design mark at issue herein and to information relating to Defendants' business activities directed at the State of Oklahoma.

Defendants' objection as to the WINGSHOOTER USA mark is **DENIED**.

Defendants' confidentiality objections are **DENIED** in light of the Protective Order.

POM's objections to RFP 15, 17, 28 are **DENIED**. POM's objection as to RFP 48 is **SUSTAINED** insofar as it seeks documents beyond the relevance standard described herein.

Sigg's objection to RFP 9 is **DENIED**. The motion to compel as to Sigg RFP 24 is **MOOT**. Defendant's Sigg's objection to RFP 28 is **SUSTAINED**.

IT IS SO ORDERED this 10th day of March 2011.

_____
Paul J. Cleary
United States Magistrate Judge