IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE OUTDOOR CHANNEL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PERFORMANCE ONE MEDIA, LLC, d/b/a ) <br> IN COUNTRY TELEVISION, a New York ) <br> Limited Liability Company; and ROBERT J. ) <br> SIGG, an individual, ) <br> ) <br> Defendants. ) <br> ) | Case No. 10-CIV-30-JHP-PJC |

**MOTION OF DISH NETWORK, LLC FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE OF SEEKING RECONSIDERATION OF PORTION OF MAGISTRATE JUDGE'S ORDER OF MARCH 10, 2011, AND SUPPORTING BRIEF**

Pursuant to Fed. R. Civ. P. 24(a)(2), DISH Network, LLC ("DISH") respectfully requests leave to intervene in this action for the limited purpose of seeking reconsideration of a portion of the Order and Opinion of the Magistrate Judge entered on March 10, 2011 (the "Order," Dkt. 106) that directly and adversely impacts DISH's rights. In support of its motion, DISH states as follows:

1. DISH is a direct broadcast satellite system operator headquartered in Meridian, Colorado. DISH provides satellite television, audio programming, data, and interactive television services to over 14 million subscribers throughout the United States.

2. DISH's satellite television network service includes dedicated channels for both "Outdoor Channel" and "In Country Television" pursuant to contracts with The Outdoor Channel, Inc. and Performance One Media, LLC, respectively. Although some core terms of those contracts (generally called "Affiliation Agreements") are substantially similar, the terms on which DISH contracts with Outdoor Channel and Performance One are separately negotiated and

distinct with respect to various key provisions, such as pricing, channel placement, interactive elements, preemption rights, promotions, termination, and other provisions, all of which affect the economics of the relationship between DISH and its business customers such as The Outdoor Channel and Performance One.

3.    DISH considers the specific terms of the Affiliation Agreement with Performance One to be trade secrets. That information is highly confidential and its disclosure to or among competing channels would be highly detrimental to DISH. Thus, DISH requires the parties with whom it contracts to maintain the confidentiality of contract terms, and DISH vigorously enforces those confidentiality provisions.

4.    Performance One has advised DISH generally about this pending trademark infringement action. DISH understands that Performance One has filed a motion to dismiss on the ground that an Oklahoma federal court lacks either general or specific personal jurisdiction over Performance One. DISH further understands that discovery on both the jurisdictional issue and the merits is ongoing.

5.    In a subpoena issued on August 25, 2010 (attached as Exhibit 1), The Outdoor Channel tried to obtain a copy of the DISH contract with Performance One dated December 5, 2008. DISH declined to comply with the subpoena on the ground that it was not properly issued. (*See* Letter dated Sept. 2, 2010, attached as Exhibit 2.) DISH also would have resisted the subpoena on substantive grounds if the plaintiff had reissued it or filed a motion to compel. The plaintiff did neither, and DISH believed the matter was resolved.

6.    Recently, however, pursuant to the confidentiality provision of its contract with DISH, Performance One notified DISH of the Order which, in part, directs Performance One

immediately to produce an unredacted copy of Performance One's contracts with DISH regarding "In Country Television."

7. This portion of the Order directly and adversely impacts DISH's proprietary and confidentiality interests in its agreements with its customers. For that reason, DISH is entitled under Fed. R. Civ. P. 24(a)(2) to intervene and assert its own rights of confidentiality by seeking reconsideration of the part of the Order regarding the DISH contracts. The Tenth Circuit has recognized that "an applicant may intervene as of right if: (1) the application is 'timely'; (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action'; (3) the applicant's interest 'may as a practical matter' be 'impair[ed] or impede[d]'; and (4) 'the applicant's interest is [not] adequately represented by existing parties.'" *Coalition of Ariz./N.M Counties v. Dep't of the Interior,* 100 F.3d 837, 840 (10th Cir. 1996) (quoting Fed. R. Civ. P. 24(a)(2)) (alterations in original).

8. With regard to the first prong of the test, it is clear that this application is timely. This application is filed within seven (7) business days of the Order, and DISH is informed that Performance One has filed a motion to stay enforcement of the Order to allow DISH sufficient time to prepare and file this motion to intervene and assert its own rights and interests in the matter.

9. Second, courts consistently have recognized an applicant has an interest in the "property or transaction which is the subject of the action" where, as here, the applicant has an interest in a collateral discovery issue. *See, e.g., In re Sealed Case,* 237 F.3d 657, 663-64 (D.C. Cir. 2001) (subjects of FEC investigation had right to intervene in FEC's subpoena enforcement action against third-party witness where they had a "legally cognizable interest in maintaining the confidentiality of the documents the FEC [sought] to disclose in the public record"); *United*

*States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1295 (D.C. Cir. 1980) (telecommunications company had work-product interest in documents to be produced pursuant to discovery order and thus could intervene for limited purpose of appealing that order); *Formulabs, Inc. v. Hartley Pen Co.,* 275 F.2d 52 (9th Cir. 1960) (third party allowed to intervene for limited purpose of arguing against the defendant's disclosure of trade secrets in which the intervenor claimed an interest); *Western Resources, Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2001 WL 1718370, at *2-3 (D. Kan. Sept. 12, 2001) (parties contracting with the defendant allowed to intervene to attempt to prevent disclosure of those contracts to the plaintiff, who was their competitor).

9. Moreover, DISH's interests clearly will be "impaired or impeded" if the terms of its relationship with Performance One are disclosed to The Outdoor Network, another DISH customer whose own contract differs in material ways from the Performance One agreement. *See FDIC v. Jennings*, 816 F.2d 1488, 1492 (10th Cir. 1987) (noting that the "interest" and "impairment" requirements of Rule 24(a)(2) are intertwined).

10. Finally, DISH's interests in this matter cannot adequately be represented by Performance One. The Tenth Circuit has noted that the applicant's burden on this fourth requirement of Rule 24(a)(2) is "minimal." *Coalition*, 100 F.3d at 844. DISH has a strong interest in keeping its various customers from learning the separately negotiated and key terms of its contracts with other customers. Performance One simply does not have the same motivation to protect these trade secrets of DISH. Accordingly, the "minimal" burden of showing inadequacy of representation is satisfied here.

Therefore, in light of the confidentiality of the terms of DISH's agreement with Performance One and DISH's strong interest in preventing the disclosure of those terms to other DISH customers, DISH respectfully requests that it be allowed to intervene for the limited

purpose of asserting its own rights implicated by this discovery issue through a Motion for Reconsideration of the Order and, if necessary, participation in an appeal of that Order to the District Court.

Dated: March 21, 2011.

/s/ Amelia A. Fogleman
Amelia A. Fogleman, OBA No. 16221
**GableGotwals**
1100 ONEOK Plaza
100 W. Fifth Street
Tulsa, OK  74103-4217
(918) 595-4800
(918) 595-4990 (fax)

*Attorney for DISH Network, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Rachel Blue   rachel.blue@mcafeetaft.com

Richard Parker Hix   richard.hix@mcafeetaft.com, pam.mappin@mcafeetaft.com, tami.peterson@mcafeetaft.com

Sharolyn Colleen Whiting-Ralston   sharolyn.ralston@mcafeetaft.com, karen.dutton@mcafeetaft.com

Robert D. Nelon   bnelon@hallestill.com, carmstrong@hallestill.com

Sarah Jane Gillett   sgillett@hallestill.com, bkellogg@hallestill.com, swilliams@hallestill.com

Julianna Deligans   jdeligans@hallestill.com, lwilliams@hallestill.com

/s/ Amelia A. Fogleman