**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

THE OUTDOOR CHANNEL, INC., a
Nevada Corporation,

    Plaintiff,

v.

PERFORMANCE ONE MEDIA, LLC d/b/a
IN COUNTRY TELEVISION, a New York
Limited Liability Company; and ROBERT
J. SIGG, an individual,

    Defendants.

Case No. 10-CV-30-JHP-PJC

### DEFENDANT PERFORMANCE ONE MEDIA'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

The defendant Performance One Media, LLC ("POM"), d/b/a In Country Television ("ICTV"), respectfully requests that the plaintiff answer the following interrogatories within 30 days pursuant to Fed. R. Civ. P. 33. You should consider each interrogatory to be continuing, and should supplement your answers in accordance with Fed. R. Civ. P. 33 if additional information comes into your, or your attorneys', possession, custody or control between the date of service and the time of trial.

### DEFINITIONS

1. "You" and "Your" include plaintiff and its agents, employees, attorneys, investigators, or other representatives.

2. "Person" includes an individual, corporation, partnership, trust, association, or other entity, including governmental entities.

3. "Relating to" includes referring to, alluding to, responding to, connected with, commenting on, in respect of, about, concerning, regarding, discussing, showing, supporting, deciding, mentioning, reflecting, analyzing, constituting, or pertaining to.

4. "Your intellectual property" includes all intellectual property (trademark, trade

name, trade dress, or copyright) owned by you or in which you have an interest and that you are claiming was damaged in this lawsuit.

5. "USPTO" means the United States Patent and Trademark Office.

6. "Identity," or "identify," or "identification," when used with reference to an individual person, means to state his full name, residential address, telephone number, and his present or last known position and business affiliation.

7. "Identity," "identify," or "identification," when used in reference to a corporation, firm or other entity, means its full name, its form of organization, its present or last known address, and names of its officers and directors.

8. "Identity," "identify," or "identification," when used in reference to a document or writing, means to state the date, author, and addressee, the nature of the writing (e.g., letter, memorandum, telegram, chart, prospectus, report, or the like), and its present location and/or custodian. If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

9. "Identity," "identify," or "identification," when used in reference to a meeting or conference, means to state the date of the meeting or conference, the place of the meeting or conference, the full name and present or last known position, business affiliation, and residential address of each person attending the meeting or conference, and the telephone number of each such person.

10. "Identity," "identify," or "identification," when used in reference to a telephone conversation, means to state the full name, business affiliation, and business address at the time, present or last known position and business affiliation, and residential address of each such party

at the time the telephone conversation took place, which of the parties initiated the telephone call, and when such telephone conversation took place.

11. "Identity," "identify," or "identification," when used in reference to an oral conversation other than a telephone conversation, means to state when such conversation took place, where such conversation took place, and the full name, present or last known position and business affiliation, and business address at the time of each party to such conversation.

12. "Communication" means any and all forms of communication including, but not limited to, conversations, conferences, meetings, and other face-to-face communications, telephone calls, and all other forms of verbal or oral communication, correspondence, telegraphs, telexes and all other forms of written communication.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who has answered or who has supplied any information used in answering these interrogatories.

**INTERROGATORY NO. 2:** State the date and place of your incorporation, identify all parent, subsidiary, affiliated, and predecessor business entities, and state the address of your principal place of business.

**INTERROGATORY NO. 3:** State the address of each office or other business location that you maintain in Oklahoma, the location of any real property you own in Oklahoma, the identity of banks in Oklahoma in which you have accounts, and the name, title, and business address of each of your employees or agents who resides and works in Oklahoma.

**INTERROGATORY NO. 4:** What is Gold Prospectors Association of America and what is its relationship to Outdoor Channel?

**INTERROGATORY NO. 5:** Identify (by URL and common name) all websites you

3

operate or have operated since January 1, 1991, state on what date you first operated any such website, and identify who was the web designer for each such site.

**INTERROGATORY NO. 6:** Identify all persons or business entities who have ever been responsible for maintaining, upgrading, redesigning, or otherwise managing the content of your website or websites.

**INTERROGATORY NO. 7:** Identify all trademarks or trade names (whether or not registered with the USPTO or any state agency) that you have used and claim to own from January 1, 1991 to date.

**INTERROGATORY NO. 8:** Identify all persons involved in the creation, design, selection, and adoption of the following marks, and identify the person who gave final approval for the use of the mark prior to its first use in interstate commerce:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 9:** If you did not originally procure any one or more of the following marks, state when and by whom the mark was originally procured, and how, when, and from whom you acquired the right to use the mark:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 10:** State how, when, and where each of the following marks was first used in interstate commerce and by whom it was first used:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 11:** Identify any period of time since the time of first use in interstate commerce during which any of the following marks was not in use and was not visible to or accessible by the public through print media, television, the internet, or other medium in interstate commerce:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 12:** Identify all media in which the following marks or the services with which the marks are associated have been used, advertised, or mentioned:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 13:** Identify all persons you have licensed to use any of the following marks:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 14:** Describe with particularity when (*i.e.*, during what period of time) it is that you contend that POM d/b/a ICTV infringed each of the following marks, and describe with particularity how you contend the infringement occurred:

    a.    THE OUTDOOR CHANNEL;

    b.    OUTDOOR CHANNEL (wording and corresponding design element);

    c.    BRING THE OUTDOORS HOME; and

    d.    THE WINGSHOOTER.

**INTERROGATORY NO. 15:** Did you send a cease and desist letter to POM informing it of your contention that it was infringing your mark or marks? If not, identify who made the decision not to send a cease and desist letter and explain the basis or rationale of the decision.

**INTERROGATORY NO. 16:** State whether you contend that use of a trade name or trademark by any of the following entities would infringe any trademark or trade name owned by you; state whether and when you are or became aware of such use; and describe each and every action you have taken to protect your intellectual property rights (trademark, trade name, trade dress, or otherwise) from any alleged infringement:

    a.    Jimmy Houston Outdoors
    b.    BuckVentures Outdoors
    c.    All Outdoors Television
    d.    Carolina Outdoors
    e.    South Carolina Outdoors
    f.    Alaska Outdoors
    g.    MyOutdoorTV.com
    h.    Inside Outdoors Television
    i.    Into the Outdoors Television
    j.    Backwater Outdoors Television
    k.    Union Sportsmen's Alliance Brotherhood Outdoors TV Series
    l.    Jason Mitchell Outdoors

  m. Keyes Outdoors
  n. Watch the Outdoors: Free Hunting, Fishing, and Outdoor Television
  o. The Hunting Channel
  p. The Fishing Channel
  q. Jim Baugh Outdoors Television Series
  r. American Wingshooter
  s. Canadian Wingshooter
  t. Michigan WingShooter
  u. Wing Shooter: PETA's Worst Nightmare
  v. The Contemporary Wingshooter
  w. Wingshooters.net
  x. Wingshooter.com
  y. LiveOutdoors.com: Wingshooting Basics
  z. Wingshooting Adventures

**INTERROGATORY NO. 17:** Identify all uses known to you by persons other than the parties to this suit of a trademark or trade name, or any other commercial or public use that includes the term "Wingshooter" or "Wingshooting" or any other variation of the word having the root "Wingshoot."

**INTERROGATORY NO. 18:** Identify all uses known to you by persons other than the parties to this suit of a trademark or trade name, or any other commercial or public use that include the term "Outdoor," "Outdoors," "TV," "Television," or any combination of those terms.

**INTERROGATORY NO. 19:** Identify each claim, suit, arbitration, or proceeding (other than this suit) initiated by you since January 1, 1991 in which you claim that someone has infringed a trademark, trade name, or trade dress owned and used by you; and each claim, suit, arbitration, or proceeding initiated since January 1, 1991 in which someone else has claimed that you have infringed a trademark, trade name, or trade dress owned and used by someone else.

**INTERROGATORY NO. 20:** State the facts and describe the evidence you have, if

7

any, that any mark used by the defendants has caused or is likely to cause confusion with any mark you use or have used.

**INTERROGATORY NO. 21:** Have you conducted any survey, pretest, poll, investigation, or otherwise had communication with members of the general public regarding whether there would be any likelihood of confusion between any mark you own and use and any mark used by the defendants? If so, describe the survey, pretest, poll, investigation, or other communication, identify who conducted or made it, and summarize the results.

**INTERROGATORY NO. 22:** Do you contend that POM infringed any right you have with respect to trade dress? If so, state what you believe to be the facts and describe any evidence you have to support your contention.

**INTERROGATORY NO. 23:** Do you contend that POM has caused you actual damage by infringing one or more of your trademarks, trade names, or trade dress? If so, describe with particularity how you have been damaged, in what amount, and how you calculated the amount of actual damage.

**INTERROGATORY NO. 24:** Do you contend that any alleged infringement by POM was willful? If so, state the facts and describe any evidence you have to support your contention.

**INTERROGATORY NO. 25:** In discovery you have asked questions about Pursuit Channel. Explain why any information about Pursuit Channel, or any business relationship POM might have with Pursuit Channel, is relevant to the issues in this action.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

_____
Robert D. Nelon, OBA #6610
Julianna P. Deligans, OBA #19792
Chase Tower, Suite 2900
100 North Broadway
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
Email: jdeligans@hallestill.com

and

Sarah Jane Gillett, OBA #17099
320 S. Boston Avenue, Suite 200
Tulsa, OK 74103
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: sgillett@hallestill.com

**ATTORNEYS FOR DEFENDANTS, PERFORMANCE ONE MEDIA, LLC, D/B/A IN COUNTRY TELEVISION AND ROBERT J. SIGG**

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011, I hand delivered the foregoing document to the following counsel of record for the plaintiff:

Richard P. Hix,
Rachel Blue, or
Sharolyn C. Whiting-Ralston
McAfee & Taft, P.C.
1717 South Boulder Ave., Suite 900
Tulsa, Oklahoma 74119

_____
Robert D. Nelon

536708.1:711028:01585