**EXHIBIT 2**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

THE OUTDOOR CHANNEL, INC., a
Nevada Corporation,

        Plaintiff,

v.

                                Case No. 10-CV-30-JHP-PJC

PERFORMANCE ONE MEDIA, LLC d/b/a
IN COUNTRY TELEVISION, a New York
Limited Liability Company; and ROBERT
J. SIGG, an individual,

        Defendants.

### DEFENDANT ROBERT J. SIGG'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

    The defendant Robert J. Sigg respectfully requests that the plaintiff answer the following

interrogatories within 30 days pursuant to Fed. R. Civ. P. 33.   You should consider each

interrogatory to be continuing, and should supplement your answers in accordance with Fed. R.

Civ. P. 33 if additional information comes into your, or your attorneys', possession, custody or

control between the date of service and the time of trial.

### DEFINITIONS

    1.     "You" and "Your" include plaintiff and its agents, employees, attorneys,

investigators, or other representatives.

    2.     "Person" includes an individual, corporation, partnership, trust, association, or

other entity, including governmental entities.

    3.     "Relating to" includes referring to, alluding to, responding to, connected with,

commenting on, in respect of, about, concerning, regarding, discussing, showing, supporting,

deciding, mentioning, reflecting, analyzing, constituting, or pertaining to.

    4.     "Your intellectual property" includes all intellectual property (trademark, trade

name, trade dress, or copyright) owned by you or in which you have an interest and that you are

claiming was damaged in this lawsuit.

5.     "USPTO" means the United States Patent and Trademark Office.

6.     "Identity," or "identify," or "identification," when used with reference to an individual person, means to state his full name, residential address, telephone number, and his present or last known position and business affiliation.

7.     "Identity," "identify," or "identification," when used in reference to a corporation, firm or other entity, means its full name, its form of organization, its present or last known address, and names of its officers and directors.

8.     "Identity," "identify," or "identification," when used in reference to a document or writing, means to state the date, author, and addressee, the nature of the writing (e.g., letter, memorandum, telegram, chart, prospectus, report, or the like), and its present location and/or custodian.  If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

9.     "Identity," "identify," or "identification," when used in reference to a meeting or conference, means to state the date of the meeting or conference, the place of the meeting or conference, the full name and present or last known position, business affiliation, and residential address of each person attending the meeting or conference, and the telephone number of each such person.

10.     "Identity," "identify," or "identification," when used in reference to a telephone conversation, means to state the full name, business affiliation, and business address at the time, present or last known position and business affiliation, and residential address of each such party at the time the telephone conversation took place, which of the parties initiated the telephone

2

call, and when such telephone conversation took place.

11.     "Identity," "identify," or "identification," when used in reference to an oral conversation other than a telephone conversation, means to state when such conversation took place, where such conversation took place, and the full name, present or last known position and business affiliation, and business address at the time of each party to such conversation.

12.     "Communication" means any and all forms of communication including, but not limited to, conversations, conferences, meetings, and other face-to-face communications, telephone calls, and all other forms of verbal or oral communication, correspondence, telegraphs, telexes and all other forms of written communication.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who has answered or who has supplied any information used in answering these interrogatories.

**INTERROGATORY NO. 2:** Describe with particularity when (*i.e.*, during what period of time) it is that you contend that Sigg infringed each of the following marks, and describe with particularity how you contend the infringement occurred:

    a.     THE OUTDOOR CHANNEL;

    b.     OUTDOOR CHANNEL (wording and corresponding design element);

    c.     BRING THE OUTDOORS HOME; and

    d.     THE WINGSHOOTER.

**INTERROGATORY NO. 3:** Did you send a cease and desist letter to Sigg informing him of your contention that he was infringing your mark or marks? If not, identify who made the decision not to send a cease and desist letter and explain the basis or rationale of the decision.

**INTERROGATORY NO. 4:** Do you contend that Sigg infringed any right you have with respect to trade dress? If so, state what you believe to be the facts and describe any

3

evidence you have to support your contention.

**INTERROGATORY NO. 5:** Do you contend that Sigg has caused you actual damage by infringing one or more of your trademarks, trade names, or trade dress? If so, describe with particularity how you have been damaged, in what amount, and how you calculated the amount of actual damage.

**INTERROGATORY NO. 6:** Do you contend that any alleged infringement by Sigg was willful? If so, state the facts and describe any evidence you have to support your contention.

**INTERROGATORY NO. 7:** Identify all email systems you use or have used by from January 1, 2005 to present, as follows:

    a)    List all email software and versions used during this time frame and the dates of use;

    b)    Identify all your employees or representatives who have generated email related to the subject matter of this action.

    c)    Identify all email known to you (including creation date, recipient(s) and sender) that relate to, reference or are relevant to the subject matter of this action.

**INTERROGATORY NO. 8:** As to each employee or representative identified in response to Interrogatory No. 7(b), identify and describe each computer in use from January 1, 2005 to present as follows:

    a)    Computer type, brand, and model number;

    b)    Computers that have been re-formatted, had the operating system reinstalled, or been overwritten (and identify the date of each event);

    c)    The current location of each computer identified in your response to this interrogatory; and

    d)    The brand and version of all software, including operating system, private and custom-developed applications, commercial applications, and shareware for each computer identified.

**INTERROGATORY NO. 9:** Identify the date you became aware of your claim against

the defendants.

**INTERROGATORY NO. 10:** Identify any legal hold that you implemented relating to this action, including but not limited to the date of the legal hold, the persons who received notification of the legal hold, the sender of the legal hold notice; the categories of electronically stored information or hard copy documents that employees were instructed to preserve or collect; the specific actions each person was asked to undertake; and the specific actions, if any, that each person did actually undertake.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

Robert D. Nelon, OBA #6610
Julianna P. Deligans, OBA #19792
Chase Tower, Suite 2900
100 North Broadway
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: bnelon@hallestill.com
Email: jdeligans@hallestill.com

and

Sarah Jane Gillett, OBA #17099
320 S. Boston Avenue, Suite 200
Tulsa, OK 74103
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: sgillett@hallestill.com

**ATTORNEYS FOR DEFENDANTS, PERFORMANCE ONE MEDIA, LLC, D/B/A IN COUNTRY TELEVISION AND ROBERT J. SIGG**

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2011, I hand delivered the foregoing document to the following counsel of record for the plaintiff:

Richard P. Hix,
Rachel Blue, or
Sharolyn C. Whiting-Ralston
McAfee & Taft, P.C.
1717 South Boulder Ave., Suite 900
Tulsa, Oklahoma 74119

Robert D. Nelon

539895.1:711028:01585

6