**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

THE OUTDOOR CHANNEL, INC., a
Nevada Corporation,

          Plaintiff,

v.

PERFORMANCE ONE MEDIA, LLC d/b/a
IN COUNTRY TELEVISION, a New York
Limited Liability Company; and ROBERT
J. SIGG, an individual,

          Defendants.

Case No. 4:10-CV-00030-JHP-PJC

## DEFENDANT ROBERT J. SIGG'S
## SECOND AMENDED SET OF INTERROGATORIES TO PLAINTIFF

The defendant Robert J. Sigg respectfully requests that the plaintiff answer the following interrogatories within 14 days pursuant to Fed. R. Civ. P. 33.   You should consider each interrogatory to be continuing and should supplement your answers in accordance with Fed. R. Civ. P. 33 if additional information comes into your (or your attorneys') possession, custody or control between the date of service and the time of trial.

## DEFINITIONS

1.    "You" and "Your" include plaintiff and its agents, employees, attorneys, investigators, or other representatives.

2.    "Person" includes an individual, corporation, partnership, trust, association, or other entity, including governmental entities.

3.    "Relating to" includes referring to, alluding to, responding to, connected with, commenting on, in respect of, about, concerning, regarding, discussing, showing, supporting, deciding, mentioning, reflecting, analyzing, constituting, or pertaining to.

4.    "Your intellectual property" includes all intellectual property (trademark, trade name, trade dress, or copyright) owned by you or in which you have an interest and that you are

claiming was damaged in this lawsuit. The term includes the following marks identified in your amended complaint:  (a) THE OUTDOOR CHANNEL; (b) OUTDOOR CHANNEL (wording and corresponding design element); (c) BRING THE OUTDOORS HOME; and (d) THE WINGSHOOTER.

5.      "USPTO" means the United States Patent and Trademark Office.

6.      "Identity," or "identify," or "identification," when used with reference to an individual person, means to state his full name, residential address, telephone number, and his present or last known position and business affiliation.

7.      "Identity," "identify," or "identification," when used in reference to a corporation, firm or other entity, means its full name, its form of organization, its present or last known address, and names of its officers and directors.

8.      "Identity," "identify," or "identification," when used in reference to a document or writing, means to state the date, author, and addressee, the nature of the writing (e.g., letter, memorandum, telegram, chart, prospectus, report, or the like), and its present location and/or custodian.  If any such writing was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, the person responsible for making the decision as to such disposition, and the person responsible for carrying out such disposition.

9.      "Identity," "identify," or "identification," when used in reference to a meeting or conference, means to state the date of the meeting or conference, the place of the meeting or conference, the full name and present or last known position, business affiliation, and residential address of each person attending the meeting or conference, and the telephone number of each such person.

10. "Identity," "identify," or "identification," when used in reference to a telephone conversation, means to state the full name, business affiliation, and business address at the time, present or last known position and business affiliation, and residential address of each such party at the time the telephone conversation took place, which of the parties initiated the telephone call, and when such telephone conversation took place.

11. "Identity," "identify," or "identification," when used in reference to an oral conversation other than a telephone conversation, means to state when such conversation took place, where such conversation took place, and the full name, present or last known position and business affiliation, and business address at the time of each party to such conversation.

12. "Identity," "identify," or "identification," when used in reference to a website, means to state the URL and common name of each applicable website, date of the first operation of the website, and the name of each person or business entity responsible for developing, maintaining, and managing the content of each website.

13. "Communication" means any and all forms of communication including, but not limited to, conversations, conferences, meetings, and other face-to-face communications, telephone calls, and all other forms of verbal or oral communication, correspondence, telegraphs, telexes, faxes, email, text messages, Twitter messages, and all other forms of written communication.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person who has answered or who has supplied any information used in answering these interrogatories..

**INTERROGATORY NO. 2:** Identify the date you became aware of your claim against the defendants.

3

**INTERROGATORY NO. 3:** Identify any legal hold that you implemented relating to this action, including but not limited to the date of the legal hold, the persons who received notification of the legal hold, the sender of the legal hold notice; the categories of electronically stored information or hard copy documents that employees were instructed to preserve or collect; the specific actions each person was asked to undertake; and the specific actions, if any, that each person did actually undertake.

**INTERROGATORY NO. 4:** State whether you contend that use of a trade name or trademark by any of the following entities would infringe any trademark or trade name owned by you; state whether and when you are or became aware of such use; and describe each and every action you have taken to protect your intellectual property rights (trademark, trade name, trade dress, or otherwise) from any alleged infringement:

a.      Jimmy Houston Outdoors

b.      BuckVentures Outdoors

c.      All Outdoors Television

d.      Carolina Outdoors

e.      South Carolina Outdoors

f.      Alaska Outdoors

g.      MyOutdoorTV.com

h.      Inside Outdoors Television

i.      Into the Outdoors Television

j.      Backwater Outdoors Television

k.      Union Sportsmen's Alliance Brotherhood Outdoors TV Series

l.      Jason Mitchell Outdoors

m.      Keyes Outdoors

n.      Watch the Outdoors: Free Hunting, Fishing, and Outdoor Television

o.      The Hunting Channel

p.      The Fishing Channel

q.      Jim Baugh Outdoors Television Series

     r.       American Wingshooter

     s.       Canadian Wingshooter

     t.       Michigan WingShooter

     u.      Wing Shooter: PETA's Worst Nightmare

     v.      The Contemporary Wingshooter

     w.     Wingshooters.net

     x.      Wingshooter.com

     y.      LiveOutdoors.com: Wingshooting Basics

     z.      Wingshooting Adventures

**INTERROGATORY NO. 5:**  Identify each claim, suit, arbitration, or proceeding (other than this suit) initiated by you since January 1, 2001 in which you claim that someone has infringed a trademark, trade name, or trade dress owned and used by you; and each claim, suit, arbitration, or proceeding initiated since January 1, 2001 in which someone else has claimed that you have infringed a trademark, trade name, or trade dress owned and used by someone else.

**INTERROGATORY NO. 6:**  Identify who made the decision not to send a cease and desist letter to defendants prior to commencing this action and explain the basis or rationale of the decision.

**INTERROGATORY NO. 7:**  Have you conducted any survey, pretest, poll, investigation, or otherwise had communication with members of the general public regarding whether there would be any likelihood of confusion between any mark you own and use and any mark used by the defendants?  If so, describe the survey, pretest, poll, investigation, or other communication, identify who conducted or made it, and summarize the results.

**INTERROGATORY NO. 8:**  Identify all internal and external communications concerning the competitive impact, if any, of In Country Television on you as well as your strategies and business and marketing plans developed to enhance your competitive position in light of any competition presented by In Country Television.

**INTERROGATORY NO. 9:** Identify all internal and external communications concerning the competitive impact, if any, of Pursuit Channel on you as well as your strategies, business plans, and marketing plans developed to enhance your competitive position in light of any competition presented by Pursuit Channel.

**INTERROGATORY NO. 10:** Identify all email systems you use or have used by from January 1, 2005 to present, as follows:

      a)    List all email software and versions used during this time frame and the dates of use;

      b)    Identify all your employees, representatives and agents (past and present) who have generated email related to the subject matter of this action.

      c)    Identify all email known to you (including creation date, recipient(s) and sender) that relate to, reference or are relevant to the subject matter of this action.

**INTERROGATORY NO. 11:** As to each employee or representative identified in response to Interrogatory No. 10(b), identify and describe each computer in use from January 1, 2005 to present as follows:

      a)    Computer type, brand, and model number;

      b)    Computers that have been re-formatted, had the operating system reinstalled, or been overwritten (and identify the date of each event);

      c)    The current location of each computer identified in your response to this interrogatory; and

      d)    The brand and version of all software, including operating system, private and custom-developed applications, commercial applications, and shareware for each computer identified.

Dated:  May 6, 2011.

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

*Sarah Jane Gillett*

Sarah Jane Gillett, OBA #17099
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
Tel:  (918) 594-0400
Fax:  (918) 594-0505
Email:  sgillett@hallestill.com

-and-

Robert D. Nelon, OBA #6610
Julianna P. Deligans, OBA #19792
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
Chase Tower, Suite 2900
100 North Broadway
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2828
Facsimile:  (405) 553-2855
Email:  bnelon@hallestill.com
Email:  jdeligans@hallestill.com

**ATTORNEYS FOR DEFENDANTS,
PERFORMANCE ONE MEDIA, LLC, D/B/A
IN COUNTRY TELEVISION, AND
ROBERT J. SIGG**

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2011, a copy of the above and foregoing was sent to the following counsel of record via electronic mail and U.S. Mail with postage thereon fully prepaid:

Richard P. Hix,
Rachel Blue, or
Sharolyn C. Whiting-Ralston
McAfee & Taft, P.C.
1717 South Boulder Ave., Suite 900
Tulsa, Oklahoma 74119
Richard.hix@mcafeetaft.com
Rachel.blue@mcafeetaft.com
Sharolyn.ralson@mcafeetaft.com

_Sarah Jane Gillett_
Sarah Jane Gillett

1237085.1:711028:01585

8